F D BY. _____ D.C.

C TE 1 5 PH 3: 00

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA** CLE KAS DIST CT.
S.D. OF FLA.-FTL

|  |  |
|---|---|
| CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SAM'S CANVAS & INTERIORS; SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC.; MONA KRAEER; and R. JAY KRAEER, | ) ) ) ) |
| Defendants. | ) ) ) |

Case No. **00-6230**

Magistrate Judge **CIV-FERGUSON**

**COMPLAINT** **MAGISTRATE JUDGE**
**SNOW**
(Temporary and Permanent Injunctive Relief Demanded)

1.    Plaintiff, CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-

for-profit corporation, sues the defendants, SAM'S CANVAS & INTERIORS;

SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC.; MONA KRAEER;

and R. JAY KRAEER, for injunctive relief, declaratory judgment, attorney's fees, and costs

pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12181,

et seq.

<u>STATUTORY BACKGROUND</u>

2.    On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing

important civil rights its for individuals with disabilities, including the right to full and equal

1



enjoyment of the goods, services facilities, privileges, and access to places of public accommodation.

3.   The Congressional statutory findings include:

    a.   "some 43,000,000 Americans have one or more physical or mental disabilities";

    b.   "historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem";

    c.   "discrimination against individuals with disabilities persists in such critical areas as . . . public accommodations";

    d.   "individuals with disabilities continually encounter various forms of discrimination, including . . . the discriminatory effects of architectural . . . barriers"; [and]

    e.   "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity . . . to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

4.   Congress went on to state explicitly the purpose of the ADA to be:

    a.   "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities";

    b.   "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities"; [and]

    c.   "to invoke the sweep of Congressional authority . . . to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b).

5.    Pursuant to 42 U.S.C. § 12182 and 28 C.F.R. § 36.201(a), no place of public accommodation

shall discriminate against an individual, on the basis of such individual's disability, with regard

to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations at that place of public accommodation.

6.    Congress gave places of public accommodation one and a half years to implement the Act.

The effective date of Title III of the American with Disabilities Act was January 26, 1992, or

January 26, 1993, if the place of public accommodation had ten (10) or fewer employees and

gross receipts of $500,000.00 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a).

## JURISDICTION AND VENUE

7.    This action arises from violations of Title III of the Americans with Disabilities Act, as

amended, 42 U.S.C. §§ 12181, et seq., as more fully set forth herein.

8.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and

28 U.S.C. §§ 2201–2202.

9.    Remedy for declaratory judgment is provided for in 28 U.S.C. §§ 2201 and 2201.

10.   Venue lies in this district as the property which is the subject matter of this claim is located

in this judicial district, and the defendants are doing business in this judicial district.

11.   Despite Congress having given places of public accommodation one and a half years to

implement the Act – and despite the additional passage of several more years – defendants

have not eliminated barriers at the place(s) of public accommodation that they own, lease,

lease to and/or operate at a business location called Kraeer's Square with businesses called

Sam's Canvas & Interiors and Southgate Insurance Agency of Pompano Beach, Inc.  For

example, the premises have inadequate handicapped parking, inadequate ramps and curb

3

cuts, and rises which are not properly ramped.

12.  Plaintiff has written to the manager(s) of Sam's Canvas & Interiors and Southgate Insurance Agency of Pompano Beach. Inc at the place(s) of public accommodation owned, leased, leased to and/or operated by defendants and requested that the place of public accommodation be made accessible. However, that request has resulted neither in the removal of architectural barriers nor in a commitment to remove those barriers.

13.  Additionally, at least one individual member of Citizens Concerned About Disability Access Inc has personally requested management at Sam's Canvas & Interiors that the place(s) of public accommodation at Kraeer Square be made accessible. However, that request has resulted neither in the removal of architectural barriers nor in a commitment to remove those barriers.

14.  Pursuant to the Americans with Disabilities Act 42 U.S.C. § 12182(b)(2)(A)(iv), and the federal regulations promulgated pursuant to this Act, defendants were to make their place(s) of public accommodation accessible by January 26, 1992, or January 26, 1993, if the defendants have ten (10) or fewer employees and gross receipts of $500,000.00 or less. To date, the place(s) of public accommodation have not been made accessible as required by the Americans with Disabilities Act.

15.  By failing to remove architectural barriers where such removal is readily achievable, defendants have discriminated and continue to discriminate against the plaintiff and its members in violation of the Americans with Disabilities Act.

16.  Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182(a), and the federal regulations promulgated by the U.S. Department of Justice, 28 C.F.R. § 36.305, if

4

removal of a barrier is not readily achievable, accommodation must be made available through alternative methods.

17. By failing to remove architectural barriers to access as required by the Americans with Disabilities Act, defendant discriminated against plaintiff and its members in violation of the Americans with Disabilities Act.

18. Pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12182(a), and the federal regulations promulgated pursuant to this Act, defendants cannot discriminate against persons with disabilities solely based on their disability.

19. Accordingly, plaintiff seeks to redress its and its members' rights under the Americans with Disabilities Act and request this Court issue injunctive and declaratory relief against defendants to end the ongoing discrimination.

<u>THE PARTIES AND STANDING</u>

20. Plaintiff, Citizens Concerned About Disability Access, Inc. is a non-profit Florida corporation.

21. The members of this organization include individuals with disabilities as defined by the Americans with Disabilities Act.

22. Plaintiff brings this action on behalf of itself and its handicapped members who have disabilities as defined by the Americans with Disabilities Act.

23. This organization's purpose is to represent its members' interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

24. Plaintiff and its members have suffered and will continue to suffer direct and indirect injury as a result of the defendants' discrimination until defendants are compelled to comply with

5

the requirements of the Americans with Disabilities Act.

25. Plaintiff has also been discriminated against because of its association with its disabled members and their claims.

26. Plaintiff has reasonable grounds to believe that it and its members are and will continue to be subjected to discrimination in violation of the Americans with Disabilities Act by the defendants.

27. Plaintiff has handicapped members who have tried to access or who would try to access and utilize defendants' place(s) of public accommodation but are denied full and fair access due to defendants' discrimination.

28. Plaintiff has members who intend to access defendants' place(s) of public accommodation once defendants comply with the Americans with Disabilities Act.

29. Plaintiff has members who are handicapped who have been and are denied full and fair access to defendants' place of public accommodation by defendants' failure to provide access as mandated by the Americans with Disabilities Act or who have had their access impeded by defendants' non-compliance with the Americans with Disabilities Act.

30. Plaintiff's handicapped members have suffered and continue to suffer in various of their legally protected rights not to be discriminated against by any place of public accommodation by reasons of defendants' failure to remove barriers to access.

31. The Americans with Disabilities Act was enacted to prohibit discrimination against handicapped persons such as Citizens Concerned About Disability Access, Inc.'s handicapped members. Defendants' failure to comply with the requirements of the Americans with Disabilities Act discriminates against members of Citizens Concerned About Disability

Access, Inc. who reside in the geographic area proximate to defendants' facility and who have had their access to defendants' facility impeded by defendants' failure to comply with the law.

32. Defendants own, lease, lease to, or operate a place or places of public accommodation as defined by the Americans with Disabilities Act and the regulations implementing the Americans with Disabilities Act. 28 C.F.R. § 36.201(a) and § 36.104.

33. Defendants are responsible for complying with the obligations of the Americans with Disabilities Act.

<u>OTHER FACTS RELATING TO THE INSTANT CLAIM,<br>JURISDICTION, THE PARTIES, AND STANDING</u>

34. The place(s) of public accommodation that the defendants SAM'S CANVAS & INTERIORS; SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC.; MONA KRAEER; and R. JAY KRAEER own, operate, lease, and/or lease to is known as and is located at a business location called Kraeer's Square with businesses therein called Sam's Canvas & Interiors and Southgate Insurance Agency of Pompano Beach, Inc.

35. Defendants' facilities share certain common areas, e.g., parking lots and accessible routes.

36. Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for their place(s) of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. § 36.304(a); in the alternative, if there has been an alteration to defendants' place(s) of public accommodation since January 26, 1992, then the defendants are required to ensure to the maximum extent feasible that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. § 36.402; and finally if the defendants' facility or

facilities is or are one(s) which were designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 C.F.R. § 36.401 then the defendants' facility or facilities must be readily accessible to and useable by individuals with disabilities as defined by the Americans with Disabilities Act.

37.    Appendix A to Part 36 – Standards for Accessible Design (28 C.F.R. Part 36, App. A) sets forth guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by federal agencies, including the Department of Justice, under the Americans with Disabilities Act.

38.    Defendants have discriminated against the plaintiff and its members by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place(s) of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 C.F.R. §36.302 et seq., as described below.

39.    Defendants have discriminated and are discriminating against the plaintiff in violation of the Americans with Disabilities Act by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000.00 or less). See, e.g., attached photographs – Exhibits 1-6.

40.    Plaintiff has retained the undersigned counsel and is obligated to pay reasonable attorneys' fees including costs and expenses incurred in this action. Plaintiff is entitled to recover these attorneys' fees, costs and expenses from the defendants pursuant to 42U.S.C. § 12205 and 28 C.F.R. § 36.505.

41.    Notice to defendants is not required as a result of the defendants' failure to cure the violations

by January 26, 1992 (or January 26, 1993 if defendants have 10 or fewer employees and gross receipts of $500,000.00 or less)  All other conditions precedent have been met by plaintiff or waived by the defendants.

42.    Plaintiff has actual notice that defendants do not intend to comply with the Americans with Disabilities Act in respect to architectural barrier removal since defendants failed to comply when plaintiff specifically requested that barriers be removed.

43    Plaintiff and its members are without adequate remedy at law and are suffering irreparable harm

44    Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant injunctive relief including an order to alter the defendants' facility or facilities to make those facilities readily accessible to the plaintiff and its members and all other persons with disabilities as defined by the Americans with Disabilities Act; or by closing the facility either temporary or permanently until such time as the defendants cure their violations of the Americans with Disabilities Act.

45.    A member of Citizens Concerned About Disability Access, Inc. has visited defendants' place(s) of public accommodation for the purpose of visiting and patronizing the place(s) of public accommodation.

46.    This member of Citizens Concerned About Disability Access, Inc., and other members, have visited and intend to visit and patronize defendants' place or places of public accommodation once the defendants have complied with the Americans with Disabilities Act.

47.    This member of Citizens Concerned About Disability Access, Inc. has a handicapped child who is wheelchair bound and who, like other members of Citizens Concerned About

Disability Access, Inc., is disabled within the meaning of the Americans with Disabilities Act.

48.    This member of Citizens Concerned About Disability Access, Inc. sought access to defendants place(s) of public accommodation. However, the facilities were not readily accessible to or usable by her daughter, and due to this barrier to access she and her daughter are unable to utilize or impeded from utilizing said facilities unless and until defendants comply with the Americans with Disabilities Act.

49    As a direct and proximate result of defendants' denial to this member and other members of Citizens Concerned About Disability Access, Inc. of facilities that are readily accessible to and usable by persons such as these members of Citizens Concerned About Disability Access, Inc. who are disabled, the members of Citizens Concerned About Disability Access, Inc. suffer inconvenience, embarrassment, humiliation, emotional distress, and the indignity and stigma of discrimination.

50.    At all times relevant to this action, the Americans with Disabilities Act of 1990 (Americans with Disabilities Act), 42 U.S.C. § 12101 *et seq.,* was in full force and effect in the United States.

51.    The Americans with Disabilities Act expressly prohibits, inter alia, discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. Under the terms of the Americans with Disabilities Act, discrimination includes a failure to remove architectural barriers, where such removal is readily achievable.

52.  This member and other members of Citizens Concerned About Disability Access, Inc. are individuals with disabilities within the meaning of the Americans with Disabilities Act because said individuals have physical impairments that substantially limit one or more major life activities.

53.  Defendants' property is or are a place or places of public accommodation within the meaning of the Americans with Disabilities Act because it contains sales or service establishments the operations of which affect commerce.

54.  Defendants are persons who own, lease, lease to, or operate a place of public accommodation within the meaning of the Americans with Disabilities Act because defendants own, lease, lease to, or operate sales or service establishments the operations of which affect commerce.

55.  Defendants have violated and are violating the Americans with Disabilities Act because they discriminated and are discriminating against plaintiff and its members on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations, and because defendants failed to undertake readily achievable removal of architectural barriers.

56.  One of the most important parts of the Americans with Disabilities Act was Title III, known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.*

57.  As relevant to the present action, discrimination includes "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

11

58.   In the event that the removal of the barrier was not readily achievable, the United States Department of Justice has by regulation required that the public accommodation be made available through alternative methods, if these methods are readily achievable. 28 C.F.R. § 36.305(a).

59.   Defendants could easily make alternations to the place(s) of public accommodation for persons who are disabled.

60.   The improper facilities are described more fully in the following paragraphs.

### Count 1 - As to Sam's Canvas & Interiors

61.   Plaintiff adopt the foregoing paragraphs 1 through 29 as if fully incorporated herein. Additionally plaintiff state as follows as to SAM'S CANVAS & INTERIORS:

   a.   Defendant has failed to have parking spaces in conformity with the Americans with Disabilities Act's requirements.   Defendant's facility fails to meet the required standards.

   b.   Americans with Disabilities ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible Route of Travel) provides that accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances. Defendant's facility fails to meet the required standard.

c.   Americans with Disabilities ADAAG Sec. 4.6.3 (Parking Spaces) provides that accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Americans with Disabilities ADAAG Sec. 4.3. Two accessible parking spaces may share a common access aisle. Parked vehicle overhangs shall not reduce the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7. Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space. Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. Defendant's facility fails to meet the required standard.

d.   Americans with Disabilities ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional

13

sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. Defendant's facility fails to meet the required standard.

e.    Americans with Disabilities ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces complying with Americans with Disabilities ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| 1 to 25 | 1 space |
|---------|---------|
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 01 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100 over 1000 |

Defendant's facility fails to meet the required standard.

f.    Americans with Disabilities ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by Americans with Disabilities ADAAG Sec. 4.6.4. The vertical clearance at such spaces

14

shall comply with Americans with Disabilities ADAAG Sec. 4.6.5. All such spaces may be grouped on one level of a parking structure. Defendant's facility fails to meet the required standard.

g.    Defendant has failed to have curb ramps in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

h.    Americans with Disabilities ADAAG Sec. 4.7.1 (Location) provides that curb ramps complying with Americans with Disabilities ADAAG Sec. 4.7 shall be provided wherever an accessible route crosses a curb. Defendant's facility fails to meet the required standard.

i.    Americans with Disabilities ADAAG Sec. 4.7.2 (Slope) provides that slopes of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.8.2. Transitions from ramps to walks, gutters, or streets shall be flush and free of abrupt changes. Maximum slopes of adjoining gutters, road surface immediately adjacent to the curb ramp, or accessible route shall not exceed 1:20. Defendant's facility fails to meet the required standard.

j.    Americans with Disabilities ADAAG Sec. 4.7.3 (Width) provides that the minimum width of a curb ramp shall be 36 in (915 mm) (3 ft), exclusive of flared sides. Defendant's facility fails to meet the required standard.

k.    Americans with Disabilities ADAAG Sec. 4.7.4 (Surface) provides that surfaces of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level

15

between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

l.      Americans with Disabilities ADAAG Sec. 4.7.8 (Obstructions) provides that curb ramps shall be located or protected to prevent their obstruction by parked vehicles. Defendant's facility fails to meet the required standard.

m.      Defendant has failed to have accessible routes in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

n.      Americans with Disabilities ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.3. Defendant's facility fails to meet the required standard.

o.      Americans with Disabilities ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site; and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route

16

shall connect at least one accessible entrance of each accessible dwelling unit with those exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

p.     Americans with Disabilities ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

q.     Americans with Disabilities ADAAG Sec. 4.3.7 (Slope) provides that an accessible route with a running slope greater than 1:20 is a ramp and shall comply with Americans with Disabilities ADAAG Sec. 4.8. Nowhere shall the cross slope of an accessible route exceed 1:50. Defendant's facility fails to meet the required standard.

r.     Americans with Disabilities ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in Americans with Disabilities ADAAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ADAAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans

17

with Disabilities ADAAG Sec. 3.5. Defendant's facility fails to meet the required standard.

s.    Defendant has failed to conform with the Americans with Disabilities Act's requirements on ramps and slopes. Defendant's facility fails to meet the required standards.

t.    Americans with Disabilities ADAAG Sec. 4.8.1 provides that any part of an accessible route with a slope greater than 1:20 shall be considered a ramp and shall comply with 4.8. Defendant's facility fails to meet the required standard.

u.    Americans with Disabilities ADAAG Sec. 4.8.2 (Slope and Rise) provides that the least possible slope shall be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm). Curb ramps and ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in Americans with Disabilities ADAAG Sec. 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less. Defendant's facility fails to meet the required standard.

v.    Americans with Disabilities ADAAG Sec. 4.8.3 (Clear Width) provides that the minimum clear width of a ramp shall be 36 in (915 mm) (3 ft). Defendant's facility fails to meet the required standard.

w.    Americans with Disabilities ADAAG Sec. 4.8.5 (Handrails) provides that if a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm) (6 ft), then it shall have handrails on both sides. Handrails are not required on curb ramps or adjacent to seating in assembly areas. Handrails shall comply with Americans with Disabilities ADAAG Sec. 4.26 and shall have the following features:

18

(1)    Handrails shall be provided along both sides of ramp segments. The inside
handrail on switchback or dogleg ramps shall always be continuous.

(2)    If handrails are not continuous, they shall extend at least 12 in (305 mm)
beyond the top and bottom of the ramp segment and shall be parallel with
the floor or ground surface.

(3)    The clear space between the handrail and the wall shall be 1 - 1/2 in (38
mm).

(4)    Gripping surfaces shall be continuous.

(5)    Top of handrail gripping surfaces shall be mounted between 34 in and 38
in (865 mm and 965 mm) above ramp surfaces.

(6)    Ends of handrails shall be either rounded or returned smoothly to floor,
wall, or post.

(7)    Handrails shall not rotate within their fittings.

Defendant's facility fails to meet the required standard.

x.    The discriminatory violations described above are not an exclusive list of the
defendant's Americans with Disabilities Act violations. Plaintiff require an inspection
of the defendant's place(s) of public accommodation in order to determine all of the
discriminatory acts violating the Americans with Disabilities Act.

y.    The correction of these violations of the Americans with Disabilities Act is readily
achievable or the defendant is obligated to have its place(s) of public accommodation
readily accessible as defined by the Americans with Disabilities Act.

19

z.      Plaintiff seek the relief set forth below in the prayer for relief.

**Count 2 - As to  Southgate Insurance Agency of Pompano Beach, Inc.**

62.    Plaintiff adopt the foregoing paragraphs 1 through 60 as if fully incorporated herein.
Additionally plaintiff state as follows as to SOUTHGATE INSURANCE AGENCY OF
POMPANO BEACH, INC.:

a.      Defendant has failed to have parking spaces in conformity with the Americans with
Disabilities Act's requirements.  Defendant's facility fails to meet the required
standards.

b.      Americans with Disabilities ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible
Route of Travel) provides that accessible parking spaces serving a particular building
shall be located on the shortest accessible route of travel from adjacent parking to an
accessible entrance. In parking facilities that do not serve a particular building,
accessible parking shall be located on the shortest accessible route of travel to an
accessible pedestrian entrance of the parking facility. In buildings with multiple
accessible entrances with adjacent parking, accessible parking spaces shall be
dispersed and located closest to the accessible entrances.  Defendant's facility fails to
meet the required standard.

c.      Americans with Disabilities ADAAG Sec. 4.6.3 (Parking Spaces) provides that
accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access
aisles shall be part of an accessible route to the building or facility entrance and shall
comply with Americans with Disabilities ADAAG Sec. 4.3. Two accessible parking
spaces may share a common access aisle. Parked vehicle overhangs shall not reduce

the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7 Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space. Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. Defendant's facility fails to meet the required standard.

d.    Americans with Disabilities ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. Defendant's facility fails to meet the required standard.

e.    Americans with Disabilities ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces

complying with Americans with Disabilities ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| 1 to 25 | 1 space |
|---------|---------|
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 01 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100 over 1000 |

Defendant's facility fails to meet the required standard.

f.     Americans with Disabilities ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by Americans with Disabilities ADAAG Sec. 4.6.4. The vertical clearance at such spaces shall comply with Americans with Disabilities ADAAG Sec. 4.6.5. All such spaces may be grouped on one level of a parking structure. Defendant's facility fails to meet the required standard.

22

g.    Defendant has failed to have curb ramps in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

h.    Americans with Disabilities ADAAG Sec. 4.7.1 (Location) provides that curb ramps complying with Americans with Disabilities ADAAG Sec. 4.7 shall be provided wherever an accessible route crosses a curb. Defendant's facility fails to meet the required standard.

i.    Americans with Disabilities ADAAG Sec. 4.7.2 (Slope) provides that slopes of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.8.2. Transitions from ramps to walks, gutters, or streets shall be flush and free of abrupt changes. Maximum slopes of adjoining gutters, road surface immediately adjacent to the curb ramp, or accessible route shall not exceed 1:20. Defendant's facility fails to meet the required standard.

j.    Americans with Disabilities ADAAG Sec. 4.7.3 (Width) provides that the minimum width of a curb ramp shall be 36 in (915 mm) (3 ft), exclusive of flared sides. Defendant's facility fails to meet the required standard.

k.    Americans with Disabilities ADAAG Sec. 4.7.4 (Surface) provides that surfaces of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2 . Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a

23

ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

l.    Americans with Disabilities ADAAG Sec. 4.7.8 (Obstructions) provides that curb ramps shall be located or protected to prevent their obstruction by parked vehicles. Defendant's facility fails to meet the required standard.

m.    Defendant has failed to have accessible routes in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

n.    Americans with Disabilities ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.3. Defendant's facility fails to meet the required standard.

o.    Americans with Disabilities ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site; and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route shall connect at least one accessible entrance of each accessible dwelling unit with those

24

exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

p.     Americans with Disabilities ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1.2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

q.     Americans with Disabilities ADAAG Sec. 4.3.7 (Slope) provides that an accessible route with a running slope greater than 1:20 is a ramp and shall comply with Americans with Disabilities ADAAG Sec. 4.8. Nowhere shall the cross slope of an accessible route exceed 1:50. Defendant's facility fails to meet the required standard.

r.     Americans with Disabilities ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in Americans with Disabilities ADAAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ADAAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans with Disabilities ADAAG Sec. 3.5. Defendant's facility fails to meet the required

standard.

s.    Defendant has failed to conform with the Americans with Disabilities Act's requirements on ramps and slopes. Defendant's facility fails to meet the required standards.

t.    Americans with Disabilities ADAAG Sec. 4.8.1 provides that any part of an accessible route with a slope greater than 1:20 shall be considered a ramp and shall comply with 4.8. Defendant's facility fails to meet the required standard.

u.    Americans with Disabilities ADAAG Sec. 4.8.2 (Slope and Rise) provides that the least possible slope shall be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm). Curb ramps and ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in Americans with Disabilities ADAAG Sec. 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less. Defendant's facility fails to meet the required standard.

v.    Americans with Disabilities ADAAG Sec. 4.8.3 (Clear Width) provides that the minimum clear width of a ramp shall be 36 in (915 mm) (3 ft). Defendant's facility fails to meet the required standard.

w.    Americans with Disabilities ADAAG Sec. 4.8.5 (Handrails) provides that if a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm) (6 ft), then it shall have handrails on both sides. Handrails are not required on curb ramps or adjacent to seating in assembly areas. Handrails shall comply with Americans with Disabilities ADAAG Sec. 4.26 and shall have the following features:

(1)     Handrails shall be provided along both sides of ramp segments. The inside
handrail on switchback or dogleg ramps shall always be continuous.

(2)     If handrails are not continuous, they shall extend at least 12 in (305 mm)
beyond the top and bottom of the ramp segment and shall be parallel with
the floor or ground surface.

(3)     The clear space between the handrail and the wall shall be 1 - 1/2 in (38
mm).

(4)     Gripping surfaces shall be continuous

(5)     Top of handrail gripping surfaces shall be mounted between 34 in and 38
in (865 mm and 965 mm) above ramp surfaces.

(6)     Ends of handrails shall be either rounded or returned smoothly to floor,
wall, or post.

(7)     Handrails shall not rotate within their fittings.

Defendant's facility fails to meet the required standard.

x.     The discriminatory violations described above are not an exclusive list of the
defendant's Americans with Disabilities Act violations. Plaintiff require an inspection
of the defendant's place(s) of public accommodation in order to determine all of the
discriminatory acts violating the Americans with Disabilities Act.

y.     The correction of these violations of the Americans with Disabilities Act is readily
achievable or the defendant is obligated to have its place(s) of public accommodation
readily accessible as defined by the Americans with Disabilities Act.

27

z.     Plaintiff seek the relief set forth below in the prayer for relief.

### Count 3 - As to Mona Kraeer and R. Jay Kraeer

63.    Plaintiff adopt the foregoing paragraphs 1 through 60 as if fully incorporated herein.
Additionally plaintiff state as follows as to MONA KRAEER AND R. JAY KRAEER:

a.     Defendant has failed to have parking spaces in conformity with the Americans with
Disabilities Act's requirements.   Defendant's facility fails to meet the required
standards.

b.     Americans with Disabilities ADAAG Sec. 4.6.1.2 (Location – Shortest Accessible
Route of Travel) provides that accessible parking spaces serving a particular building
shall be located on the shortest accessible route of travel from adjacent parking to an
accessible entrance. In parking facilities that do not serve a particular building,
accessible parking shall be located on the shortest accessible route of travel to an
accessible pedestrian entrance of the parking facility. In buildings with multiple
accessible entrances with adjacent parking, accessible parking spaces shall be
dispersed and located closest to the accessible entrances. Defendant's facility fails to
meet the required standard.

c.     Americans with Disabilities ADAAG Sec. 4.6.3 (Parking Spaces) provides that
accessible parking spaces shall be at least 96 in (2440 mm) (8 ft) wide. Parking access
aisles shall be part of an accessible route to the building or facility entrance and shall
comply with Americans with Disabilities ADAAG Sec. 4.3. Two accessible parking
spaces may share a common access aisle. Parked vehicle overhangs shall not reduce

the clear width of an accessible route. Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. An essential consideration for any aisle is having the access aisle level with the parking space. Since a person with a disability, using a lift or ramp, must maneuver within the access aisle, the aisle cannot include a ramp or sloped area. The access aisle must be connected to an accessible route to the appropriate accessible entrance of a building or facility. The parking access aisle must either blend with the accessible route or have a curb ramp complying with Americans with Disabilities ADAAG Sec. 4.7. Such a curb ramp opening must be located within the access aisle boundaries, not within the parking space boundaries. It is improper if facilities are designed with a ramp that is blocked when any vehicle parks in the accessible space. Also, the required dimensions of the access aisle cannot be restricted by planters, curbs or wheel stops. Defendant's facility fails to meet the required standard.

d.    Americans with Disabilities ADAAG Sec. 4.6.4 (Signage) provides that accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see Americans with Disabilities ADAAG Sec. 4.30.7). Spaces complying with Americans with Disabilities ADAAG Sec. 4.1.2(5)(b) shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility. Such signs shall be located so they cannot be obscured by a vehicle parked in the space. Defendant's facility fails to meet the required standard.

e.    Americans with Disabilities ADAAG Sec. 4.1.2 (5) (a) provides that if parking spaces are provided for self-parking by employees or visitors, or both, then accessible spaces

29

complying with Americans with Disabilities ADAAG Sec. 4.6 shall be provided in each such parking area in conformance with the table below. Spaces required by the table need not be provided in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

| 1 to 25 | 1 space |
| 26 to 50 | 2 spaces |
| 51 to 75 | 3 spaces |
| 76 to 100 | 4 spaces |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 01 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100 over 1000 |

Defendant's facility fails to meet the required standard.

f.    Americans with Disabilities ADAAG Sec. 4.1.2 (5) (b) further provides that one in every eight accessible spaces, but not less than one, shall be served by an access aisle 96 in (2440 mm) (8 ft) wide minimum (or be of the "Universal Parking Design" allowed by appendix A4.6.3) and shall be designated "van accessible" as required by Americans with Disabilities ADAAG Sec. 4.6.4. The vertical clearance at such spaces shall comply with Americans with Disabilities ADAAG Sec. 4.6.5. All such spaces may be grouped on one level of a parking structure. Defendant's facility fails to meet the required standard.

g.      Defendant has failed to have curb ramps in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

h.      Americans with Disabilities ADAAG Sec. 4.7.1 (Location) provides that curb ramps complying with Americans with Disabilities ADAAG Sec. 4.7 shall be provided wherever an accessible route crosses a curb. Defendant's facility fails to meet the required standard.

i.      Americans with Disabilities ADAAG Sec. 4.7.2 (Slope) provides that slopes of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.8.2. Transitions from ramps to walks, gutters, or streets shall be flush and free of abrupt changes. Maximum slopes of adjoining gutters, road surface immediately adjacent to the curb ramp, or accessible route shall not exceed 1:20. Defendant's facility fails to meet the required standard.

j.      Americans with Disabilities ADAAG Sec. 4.7.3 (Width) provides that the minimum width of a curb ramp shall be 36 in (915 mm) (3 ft), exclusive of flared sides. Defendant's facility fails to meet the required standard.

k.      Americans with Disabilities ADAAG Sec. 4.7.4 (Surface) provides that surfaces of curb ramps shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a

31

ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

l. Americans with Disabilities ADAAG Sec. 4.7.8 (Obstructions) provides that curb ramps shall be located or protected to prevent their obstruction by parked vehicles. Defendant's facility fails to meet the required standard.

m. Defendant has failed to have accessible routes in conformity with the Americans with Disabilities Act's requirements. Defendant's facility fails to meet the required standards.

n. Americans with Disabilities ADAAG Sec. 4.3.1 (General) provides that all walks, halls, corridors, aisles, skywalks, tunnels, and other spaces that are part of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.3. Defendant's facility fails to meet the required standard.

o. Americans with Disabilities ADAAG Sec. 4.3.2 (Location) provides that: (1) At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall, to the maximum extent feasible, coincide with the route for the general public; and (2) At least one accessible route shall connect accessible buildings, facilities, elements, and spaces that are on the same site; and (3) At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements and with all accessible dwelling units within the building or facility; and (4) An accessible route shall connect at least one accessible entrance of each accessible dwelling unit with those

32

exterior and interior spaces and facilities that serve the accessible dwelling unit. Defendant's facility fails to meet the required standard.

p.    Americans with Disabilities ADAAG Sec. 4.3.6 (Surface Textures) provides that he surface of an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5, which provides that ground and floor surfaces shall be stable, firm, slip-resistant, and that changes in level up to 1/4 in (6 mm) may be vertical and without edge treatment. Changes in level between 1/4 in and 1/2 in (6 mm and 13 mm) shall be beveled with a slope no greater than 1:2. Changes in level greater than 1/2 in (13 mm) shall be accomplished by means of a ramp that complies with Americans with Disabilities ADAAG Sec. 4.7 or 4.8. Defendant's facility fails to meet the required standard.

q.    Americans with Disabilities ADAAG Sec. 4.3.7 (Slope) provides that an accessible route with a running slope greater than 1:20 is a ramp and shall comply with Americans with Disabilities ADAAG Sec. 4.8. Nowhere shall the cross slope of an accessible route exceed 1:50. Defendant's facility fails to meet the required standard.

r.    Americans with Disabilities ADAAG Sec. 4.3.8 (Changes in Levels) provides that changes in levels along an accessible route shall comply with Americans with Disabilities ADAAG Sec. 4.5.2. If an accessible route has changes in level greater than 1/2 in (13 mm), then a curb ramp, ramp, elevator, or platform lift (as permitted in Americans with Disabilities ADAAG Sec. 4.1.3 and 4.1.6) shall be provided that complies with Americans with Disabilities ADAAG Sec. 4.7, 4.8, 4.10, or 4.11, respectively. An accessible route does not include stairs, steps, or escalators. See definition of "egress, means of" in Americans with Disabilities ADAAG Sec. 3.5. Defendant's facility fails to meet the required

33

standard.

s.    Defendant has failed to conform with the Americans with Disabilities Act's requirements on ramps and slopes. Defendant's facility fails to meet the required standards.

t.    Americans with Disabilities ADAAG Sec. 4.8.1 provides that any part of an accessible route with a slope greater than 1:20 shall be considered a ramp and shall comply with 4.8. Defendant's facility fails to meet the required standard.

u.    Americans with Disabilities ADAAG Sec. 4.8.2 (Slope and Rise) provides that the least possible slope shall be used for any ramp. The maximum slope of a ramp in new construction shall be 1:12. The maximum rise for any run shall be 30 in (760 mm). Curb ramps and ramps to be constructed on existing sites or in existing buildings or facilities may have slopes and rises as allowed in Americans with Disabilities ADAAG Sec. 4.1.6(3)(a) if space limitations prohibit the use of a 1:12 slope or less. Defendant's facility fails to meet the required standard.

v.    Americans with Disabilities ADAAG Sec. 4.8.3 (Clear Width) provides that the minimum clear width of a ramp shall be 36 in (915 mm) (3 ft). Defendant's facility fails to meet the required standard.

w.    Americans with Disabilities ADAAG Sec. 4.8.5 (Handrails) provides that if a ramp run has a rise greater than 6 in (150 mm) or a horizontal projection greater than 72 in (1830 mm) (6 ft), then it shall have handrails on both sides. Handrails are not required on curb ramps or adjacent to seating in assembly areas. Handrails shall comply with Americans with Disabilities ADAAG Sec. 4.26 and shall have the following features:

(1)     Handrails shall be provided along both sides of ramp segments. The inside handrail on switchback or dogleg ramps shall always be continuous.

(2)     If handrails are not continuous. they shall extend at least 12 in (305 mm) beyond the top and bottom of the ramp segment and shall be parallel with the floor or ground surface.

(3)     The clear space between the handrail and the wall shall be 1 - 1/2 in (38 mm).

(4)     Gripping surfaces shall be continuous

(5)     Top of handrail gripping surfaces shall be mounted between 34 in and 38 in (865 mm and 965 mm) above ramp surfaces.

(6)     Ends of handrails shall be either rounded or returned smoothly to floor, wall, or post.

(7)     Handrails shall not rotate within their fittings.

Defendant's facility fails to meet the required standard.

x.     The discriminatory violations described above are not an exclusive list of the defendant's Americans with Disabilities Act violations.  Plaintiff require an inspection of the defendant's place(s) of public accommodation in order to determine all of the discriminatory acts violating the Americans with Disabilities Act.

y.     The correction of these violations of the Americans with Disabilities Act is readily achievable or the defendant is obligated to have its place(s) of public accommodation readily accessible as defined by the Americans with Disabilities Act.

z.    Plaintiff seek the relief set forth below in the prayer for relief.


**Prayer for Relief**

64.    WHEREFORE, plaintiff respectfully request:

a.    Issue a declaratory judgment finding that defendants have violated the Americans

with Disabilities Act and thereby discriminated against plaintiff and its members.

b.    Issue a temporary injunction and a permanent injunction providing for injunctive

relief against the defendants including an order to make all readily achievable

alterations to the facility or facilities or to make such facility or facilities readily

accessible to and usable by individuals with disabilities to the extent required by

the Americans with Disabilities Act.

c.    An award of attorneys' fees, costs and litigation expense pursuant to 42 U.S.C. §

12205 and as otherwise available.

d.    Such other relief as the Court deems just and proper.

Respectfully submitted,

Lance J. Wogalter, Esq.
Lance J. Wogalter, P.A.
Florida Bar No. 932183
3712 W. Hillsboro Blvd.
Deerfield Beach, FL 33442
Tel.    954-592-2184
Fax    954-725-1303
Counsel for Plaintiff



Exhibit 1



Exhibit 2



Exhibit 3



Exhibit 4



Exhibit 5



Exhibit 6

# CIVIL COVER SHEET

## 00-6230

CIV-FERGUSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE
SNOW

**I (a) PLAINTIFFS**

CITIZENS CONCERNED ABOUT DISABILITY ACCESS, INC., a Florida not-for-profit corporation

**DEFENDANTS** SAMS CANVAS & INTERIORS; SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC; MONA KRAEER; and R.JjAY KRAEER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lance J. Wogalter, P.A., 3712 W. Hillsboro Blvd.
Deerfield Beach, Fl 33442 (954) 592-2184

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ON ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [X] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12181, et seq

**IVa.** 2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

[Form checkboxes — CIVIL RIGHTS 440 Other Civil Rights marked with X]

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- [X] 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION
[ ] UNDER F.R.C.P. 23

DEMAND $

JURY DEMAND: [X] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE ___   DOCKET NUMBER ___

DATE  2/15/00
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 519595   Amount: $150.00
Date Paid: 02-16-00   M/fp: ___