UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6230-Civ
Ferguson/Snow

CITIZENS CONCERNED ABOUT
DISABILITY ACCESS, INC.,
a Florida not-for-profit
corporation,

    Plaintiff,

vs.

SAM'S CANVAS & INTERIORS;
SOUTHGATE INSURANCE AGENCY
OF POMPANO BEACH, INC.; MONA
KRAEER; and R. JAY KRAEER.

    Defendants.
_____/

## ANSWER OF DEFENDANT SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC

COMES NOW Defendant SOUTHGATE INSURANCE AGENCY OF POMPANO BEACH, INC., by and through its undersigned counsel, and answers the Plaintiff's Complaint as follows:

1. Defendant denies the allegations of Paragraph 1.

2. The allegations of Paragraphs 2, 3, 4, 5 and 6 are mere recitals of a statute and require neither an admission or denial. The Defendant denies violation of the statute.

3. Defendant denies the allegations of Paragraphs 7 through 19.

4. Defendant denies the allegations of Paragraphs 20 through 33.

5. Defendant specifically denies that any member of the



Plaintiff has ever been discriminated against by this Defendant.

6. Defendant denies that any member of the Plaintiff has ever attempted access to Defendant's business or utilized Defendant's business except for the purpose of instituting this lawsuit.

7. Defendant denies that the Plaintiff, Plaintiff's members or counsel have any interest in access to the Defendant's premises except for the purpose of initiating litigation and extorting damages, including attorney's fees, from the Defendant and like situated businesses.

8. Defendant admits that it operates a business at 246 North Federal Highway, Pompano Beach, Florida, and that it leases its premises on an oral month to month lease. Defendant denies the further allegations of Paragraph 34.

9. With regard to Paragraph 35, Defendant admits that certain common areas outside of its leased premises are shared with other tenants and the owner of the building.

10. Defendant denies the allegations of Paragraphs 36 through 60.

11. Paragraph 61 and its subparts are directed at another Defendant and require neither an admission nor denial by this Defendant.

12. Defendant denies the allegations of Paragraph 62.

13. Paragraph 63 and its subparts are directed at another Defendant and require neither an admission nor denial by this Defendant.

14. As an affirmative defense, the Defendant states that it

is a month to month tenant under an oral lease with no authority or obligation to make physical alterations or improvements to the exterior of the building or the exterior premises.

15. As an additional affirmative defense, the Defendant states that the Plaintiff is without standing and that the Plaintiff has never attempted to enter the premises of the Defendant for any purpose other than initiating litigation and as a means of extorting damages, including attorney's fees, for the benefit of the Plaintiff and it counsel.

16. As an additional affirmative defense, the Defendant states that at no time has the Plaintiff ever notified this Defendant of any violations of the Americans With Disabilities Act or any impairments, hinderances or obstacles to which the Plaintiff was subjected when attempting to enter the Defendant's premises.

17. As an additional affirmative defense, the Defendant states that had the Plaintiff in good faith attempted to enter the Defendant's premises or notify the Defendant of violations of the Americans With Disabilities Act, the Plaintiff would have been put on notice that any and all possible violations of the act were in the process of being remedied by the owner of the property and that permits had been applied for prior to the initiation of this litigation and were in the process of being issued. All issues raised in the Plaintiff's Complaint will be rendered moot through the actions of the landlord and not as a result of any actions taken by the Plaintiff.

18. The Defendant has been required to employ the undersigned

attorney to represent it in this action and is entitled to recover reasonable attorney's fees against the Plaintiff.

WHEREFORE, the Defendant requests that this Court dismiss the Plaintiff's Complaint with Prejudice and assess all costs and attorney's fees against the Plaintiff's and its counsel.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to LANCE J. WOGALTER, ESQUIRE, Attorney for Plaintiff, at 3712 West Hillsboro Boulevard, Deerfeild Beach, Florida 33442; this ___ day of March, 2000.

```
                              LAW OFFICE OF JOHN L. KORTHALS
                              Attorney for SOUTHGATE
                              1401 East Atlantic Boulevard
                              Pompano Beach, Florida 33060
                              Telephone: (954) 783-2999
                              Facsimile: (954) 783-9832
                              E-Mail: Korthalslaw@mindspring.com
                              BY: _____
                                   JOHN L. KORTHALS, ESQUIRE
                                   Fla. Bar No. 156682
```